# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 221

Sarah Mae Thornberg,

n/k/a Sarah Mae Beland,

a/k/a Sarah Mae Kyte,                              Plaintiff and Appellant

  v.

Erick-Robert Ohman Thornberg,              Defendant and Appellee

    and

State of North Dakota,                        Statutory Real Party in Interest

### No. 20250203

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Sarah M. Kyte (argued) and Ward Johnson (on brief), Grand Forks, ND, for plaintiff and appellant.

Tatiana J. Hackman (argued) and Jennifer E. Jensen (on brief), Fargo, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]   Sarah Thornberg, n/k/a Sarah Beland, a/k/a Sarah Kyte (Kyte), appeals from an order holding her in contempt of court for interfering with the parenting time of Erick-Robert Thornberg (Thornberg) with respect to their four shared children. Thornberg contends the appeal is frivolous and asks us to award attorney's fees on appeal. We affirm, and deny Thornberg's motion for attorney's fees on appeal.

I

[¶2]   The judgment and decree of divorce terminating Kyte's and Thornberg's marriage had a parenting schedule that permitted Thornberg to have his four minor children every other weekend and one seven-day week of vacation time during the school year. During the summer, Thornberg was entitled to six nonconsecutive weeks of parenting time. Between January 2024 and October 2024, after Thornberg asked the police to conduct a welfare check on his children at Kyte's home, his parenting time became disrupted. Thornberg filed an application seeking to hold Kyte in contempt of court for disrupting his parenting time.

[¶3]   After an evidentiary hearing, the district court found Kyte in contempt. The court's findings included the following: (1) there was no court involvement between the parties for almost ten years until Thornberg's welfare check; (2) after Thornberg's welfare check, Kyte used the court system to attempt to prohibit Thornberg's parenting time which included filing two petitions for Domestic Violence Protection Orders (DVPOs) that were dismissed after full evidentiary hearings; (3) Kyte brought no motions to modify Thornberg's parenting time through the divorce proceeding itself despite her knowledge as a divorce attorney that a change in parenting time required such a motion; (4) Kyte unilaterally restricted Thornberg from having parenting time, even during a period of time when one of the DVPO files included specific instructions regarding parenting time; and (5) Kyte blocked Thornberg's attempts to have

electronic communications with his children. The court concluded from this conduct "it is abundantly clear [Kyte] has willfully and inexcusably violated the Judgment as it relates to the parenting order." The court held Thornberg was entitled to compensatory parenting time and an award of attorney's fees and costs for bringing his contempt application. The specific compensatory parenting time and the amount of attorney's fees were not included in the order.

[¶4]   The district court subsequently entered two separate orders awarding a specific amount of compensatory parenting time and awarding Thornberg $12,950.45 in attorney's fees and expenses. Kyte appealed from the court's first order finding her in contempt, but she did not appeal the order awarding a specific amount of compensatory parenting time, or the order awarding a specific amount of attorney's fees and expenses. The order identifying the specific compensatory parenting time was entered before Kyte filed her notice of appeal and the order awarding the specific amount of attorney's fees was entered after the filing of the notice of appeal.

II

[¶5]   Kyte first contends the evidence did not support the district court's finding that she willfully and inexcusably interfered with Thornberg's parenting time. "The district court has broad discretion in making contempt decisions." *Rath v. Rath*, 2017 ND 128, ¶ 9, 895 N.W.2d 306. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.*

[¶6]   Our review of a district court's contempt determination "is very limited." *Glasser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144. Moreover, the court's contempt determination included a credibility finding against Kyte, and we do not "second guess the court on its credibility determinations nor do we reweigh the evidence." *In re Est. of Thompson*, 2008 ND 144, ¶ 10, 752 N.W.2d 624; *see also Keller v. Keller*, 2024 ND 27, ¶ 8, 2 N.W.3d 695 (giving deference to a credibility determination in a contempt proceeding).

2

[¶7]   Based upon our independent review of the record, we find no abuse of discretion or misapplication of the law, and summarily affirm the contempt finding pursuant to N.D.R.App.P. 35.1(a)(2).

## III

[¶8]   Thornberg brought a motion on appeal asking us to award him attorney's fees pursuant to N.D.R.App.P. 38. Kyte's appeal is not so devoid of facts or law that it should be considered frivolous; nor was she dilatory in prosecuting the appeal. The motion for attorney's fees on appeal is denied.

## IV

[¶9]   We affirm the district court's order holding Kyte in contempt of court. The parties' remaining arguments are either without merit or are not necessary to our decision. We deny Thornberg's motion for attorney's fees on appeal.

[¶10]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr